Caldwell, J,
The petition sets forth that the defendant, The Cleveland Electric Railway Company, has a line of road' in the city of Cleveland, commencing at Water street and passing over Superior street, and various other streets until it reaches Cedar avenue, and then over that avenue until it reaches the easterly limits of the city. This is known as its Cedar *201 avenue line. Being anxious to extend this line without the city limits some eight years ago, it presented its petition to the county commissioners for a grant to lay its road on Cozad street from the end of Cedar avenue line to the May-field road, and from there over certain roads to its carbarns on Euclid avenue, and on other streets named, back to the point on the Mayfield road where Cozad street comes into that road.
This easement was granted by the county commissioners with all the conditions usual as to location of tracks on the roads, paving, manner of running cars, and others.
This grant specifies no time that it shall continue. It provides that all the cars passing over Cedar avenue shall pass over the roads and streets named in the grant. This grant was accepted by the company, and the extension built and operated,
Some four years ago, by an extension of the city limits, all of the streets and roads covered by the grant before referred to, became a part of the city. The name of Cozad street was changed to that of Murray Hill avenue. Prior to the bringing of this action, the defendant ceased to run cars over Murray Hill avenue, and extended its Cedar avenue line up Cedar Cien, and so on to Murray Hill. The city council by numerous resolutions and ordinances,sought to compel the defendant to continue running its Cedar avenue cars over Murray Hill avenue. The defendant refused to comply with any, or all of said resolutions and ordinances, and this action in mandamus was then brought by the city in this court, to compel the defendant to run its Cedar avenue cars over Murray Hill avenue,
This is a statutory action, and can be brought only when the statute authorizes the same.
The defemdant claims the statute does not warrant the bringing of mandamus by the city for the relief it seeks, for two reasons: 1st. Because there is no office, trust or *202 station, which the law specially enjoins upon the defendant. 2nd. — 'Because the city has a plain and adequate remedy in the ordinary course of the law.
Sec. 6741 provides when a writ of mandamus may issue:
“Mandamus is a writ issued in the name of the state,to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station.”
Sec. 6744 provides when it must^ not issue:
“The writ must not be issued in a case where there ’is a plain and adequate remedy in the ordinary course of the law; and it may issue on the information of the party beneficially interested. ”
If the defendant is avoiding or violating a public duty,or easement granted by the city, then a special remedy has been given the city, in sec. 1777, Rev. Stat., which provides certain duties of the city solicitor:
“He shall apply, in the name of the corporation, to a court of competent jurisdiction, for an order or injunction to restrain the misapplication of funds of the corporation, or the abuse of it corporate powers,or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinances governing the same, or which was procured by fraud or corruption. And he shall likewise, whenever an obligation, or contract, made on behalf of the corporation granting a right or easement, or creating a public duty, is being evaded or violated, apply for the forfeiture or specific performance of the same, as the nature of the case may require.”
The plaintiff contends, that the obligation of the defendant to operate its road on Murray Hill avenue, is not only a contract duty, but is a corporate duty resting upon it perforce of its charter, and this duty is a trust.
There is force in this claim. Whether this is a case where the state can, and will reach out beyond the contract of the city with the defendant, and enforce this duty upon *203 the defendant as a charter duty resulting from a trust, is a question somewhat new in this state, and not free from difficulties.
Sec. 2501, Rev. Stat., imposes upon the city council the duty of fixing the terms and conditions of construction and operation of street railroads in the language following.
“No corporation, individual .or individuals, shall perform any work in the construction of a street railroad, until application for leave is made to the council, in writing, and the council, by ordinance, shall have granted permission and prescribed the terms and conditions upon, and the manner in which the road shall be constructed and operated, and the streets and alleys which shall be used and occupied therefor; and cities of the first and second grade of the first class, and of the second grade of the second class, may renew such grant at its expiration, upon such conditions as may be considered conducive to the public interest.”
Sec. 2502, Rev. Stat., provides, among other conditions: “That no grant nor renewal of any grant for the construction or operation of any street railroad, shall be valid for a greater period than twenty-five years from the date of such grant or renewal, * * * and * * * the municipal corporation shall not, during the term of such grant or renewal, relieve the grantee from any obligation or liability imposed by the terms of such grant or renewal of a grant.”
These statutes apply to street railroad grants given by the county commissioners, as will be seen by sec. 8439, of the statutes.
When the terms and conditions of a grant are fixed in an ordinance or resolution, passed by the authority having the power to grant, and they are accepted by the railroad company, they constitute a contract binding upon both parties.
The Cincinnati Str. R. R. Co. v. Smith, 29 Ohio St., 291; The Cincinnati & Springfield Ry. Co. v. The Village of Carthage, 36 Ohio St., 631; City of Columbus v. Str. Railroad Company, 45 Ohio St., 98.
*204 In the Cincinnati Str. R. R,. Co, v. Smith, it was contended, that the streetsjbeing in the public, the grant is a contract made in behalf of the public, in the making of which the city does not act in its own behalf as a corporation,' but as the agent of the public, in the exercise of a governing power of the state, delegated to it in the particular instance to be exercised in the mode authorized. The court cites the statute as to recording plats, showing streets, alleys, etc., and that the effect declared by the statute, is to place the streets, etc., in the corporate name, in trust to, and for the uses and purposes so set forth, and expressed or intended. The court then say:
“This vests the fee of the streets in the corporation, subject to the right of the state to direct the mode of administering the trust.”
Then, after citing the statute placing all highways, etc., in the control of the city council, and the statute granting to the city council power to grant a company authority to construct its road in a certain street, etc., the court says:
“These sections, taken together, show that the state, in its sovereign character, has reserved no property interest in the streets in question. The revenues and profits that are to accrue from the use of the streets in the mode contemplated, will be the private property of the city, in which the state has no interest whatever.”
The state has created the defendant a corporation with powers to build and operate a street railroad in the city of Cleveland. On what particular street, or streets, it may be built,on what terms and conditions it may build and operate its road, and for what time it may occupy the grant of the street, are all to be determined by the city council under such restrictions as the state has imposed upon the granting power. The grant of the county commissioners, and the acceptance of the same by the railroad, constitute the contract governing the parties, and mandamus is not the proper remedy to enforce a contract,
*205 The city contends, that the effect of the grant given by the county commissioners without naming any length of time it is to continue, is, by implication, to extend it for twenty-five years, or at least, until the expiration of the grant of Cedar avenue. The railroad claims,it only continues at the volition of either party, both parties thus admitting that the time grows out of the contract, and is a part of it. The ultimate right they agree, is a contract right. This being true, the authorities all agree that mandamus, is mot the proper remedy.
As we have pointed out, sec. 1777, Rev. Stat., affords the city a plain and adequate remedy. It follows, that for the two foregoing reasons, this court has no jurisdiction to determine the rights of the parties by this action in mandamus.
The relator, the city of Cleveland, it is claimed,may have a complete remedy for enforcing its contract, and hence it may not be able to avail itself of the action of mandamus. Yet, the state is a party, and a party in interest, and as to-the state, the remedy provided for the city is cumulative.. That the state has created the corporation to perform a public duty upon the streets of the city, and the powers and' duties of the corporation enjoin upon it a trust, and out of; this trust arise duties to the public which the state can,, and will command it to observe, even though the city may-have another remedy.
The authorities agree, that in actions in mandamus,'where the relator is a private .corporation, or an individual, and the public is in no way interested, the state will go only so far as the rights of the relator go, in maintaining the action. But in matters where the public is concerned, the state may, and often will, go beyond the point where the right of the relator ceases. The relator may be barred from bringing-mandamus, by reason of a contract, while the state may not thus be barred. The relator may have another plaint *206 and adequate remedy,while the state may not. A rule that the state, in such cases, often adheres to, is, that it will go no further than the relator can go if such advance step must be governed by the contract of the relator. We have seen that the state has given up all interest in the streets of ■cities, except to declare their uses and to regulate such uses. All else is committed to city councils. Not only has this ■extensive control over the streets been conferred on cities, but the remedies to enforce this authority are equally broad. This seems to point with great certainty to the intention that the city should act without the aid of the state, and that the state should not exercise its power of mandate, except, as a rule, in cases beyond the remedy given the city, or in cases of emergency, or in cases instituted by (he At'torney-General. The supreme court of our state has, so far as we know, adhered to this.
The State ex rel. the Board of County Commissioners of Ross County, v. The Zanesville & Maysville Turnpike Road Company, 16 Ohio St., 308. In this case mandamus was brought by the county commissioners to compel the Turnpike Company to repair a bridge. The Turnpike Company was a public corporation, exercising its franchise in a public 'highway. The state was urged to go beyond the remedy of ‘the relator, because there was a trust. The court say:
“Granting for the purposes of this case as here presented, ’the full competency of the parties and the binding obligation of the contract, alleged according to its terms, we look in vain for- a duty, specially enjoined by law, ‘resulting from an office, trust, or station.’ Here is no office, no ■trust, no station, within any definition of that term known to the law. It is simply an obligation arising out of contract.” * * * “We do decide, that purely contract obligations, involving no trust, cannot be enforced by mandamus.”
The writ was demanded on the ground that it was the corporate duty of the Turnpike Company to keep the bridge *207 in repair. To this the court said: “We will assume that it is the corporate duty of the company to keep the bridge in repair; but does it follow, that the relators are entitled to the peremptory writ?” The court mention the question as to whether this corporate duty is a trust within the meaning of the statute; but in substance,-say, that to call upon the court to decide that question, some one must be relator who represents the public; and the court will not decide it where the relator relies upon a contract and represents nothing but his own interest under that contract. The city appears in its corporate capacity, and as such it has no interest but its contract. It follows, that the court should go only so far as the relator can go.
Miner Gr Norton, and Gr. L. Phillips, for the Plaintiff.
Squire, Sanders & Dempsey, for the Defendant.
Should the state undertake to go beyond this, it would at once find itself involved in the contract between the parties. The state cannot authorize the city and the railroad company to enter into a contract,among other things,determining the length of the grant, and then by mandamus compel the-company to operate its road longer than it has agreed to. This would be authorizing parties to determine their rights by contract, and then the state compelling them to act beyond the contract. This would be impairing a contract which the state can not do, at least, in this way. It follows that the state can only construe the contract as to the grant. Is it for twenty-five years, or for the unexpired years of the Cedar avenue grant, or at the option of either party? After it is construed,then enforce it for such time. All this the city has ample power to have done without the-aid of the state.
We conclude the statute of mandamus gives us no jurisdiction of this action.
The peremptory writ is refused, and the petition is dismissed.